## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**BRIAN JAMES IRVIN BRADLEY,**

                  **Plaintiff,**

    **v.**                                          **Case No. 25-C-1673**

**CELESTINE ADUKWE et al.,**

                  **Defendants.**

---

## DECISION AND ORDER

---

Plaintiff Brian James Irvin Bradley, who is incarcerated at the Oshkosh Correctional Institution and representing himself, is proceeding, in part, on an Eighth Amendment claim against Defendant Jaime Herriot based on allegations that, after Bradley had a seizure, Herriot "yanked" him out of bed and hit his head against the side of the bunk. On May 27, 2026, Defendants moved for partial summary judgment on the ground that Bradley did not exhaust the available administrative remedies on his claim against Herriot. Dkt. No. 22. In a notice and order, the Court notified Bradley that under Civil L. R. 56(b)(2) his response materials were due by June 26, 2026. Dkt. No. 26. The Court warned Bradley that, if he failed to respond to the motion by the deadline, the Court would accept all facts asserted by Defendants as undisputed, which would likely result in summary judgment being granted in Herriot's favor and the claim against him being dismissed. The deadline has passed, and Bradley did not respond to Defendants' motion for partial summary judgment.

The Court has reviewed Defendants' motion, brief in support, supporting exhibits, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that Herriot is entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the undisputed facts, the Court finds that Bradley

failed to exhaust the available administrative remedies because, although he submitted two inmate complaints about staff's response to his seizures, neither of those inmate complaints were about Herriot's alleged wrongdoing. Because Bradley did not provide the institution with the opportunity to address his concerns about Herriot's conduct before he filed a federal lawsuit against him, Herriot is entitled to summary judgment. *See Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (holding that, to suffice for exhaustion purposes, an inmate complaint must provide notice to the prison of the nature of the wrong for which redress is sought).

**IT IS THEREFORE ORDERED** that Defendants' motion for partial summary judgment on exhaustion grounds (Dkt. No. 22) is **GRANTED,** and Bradley's claim against Herriot is **DISMISSED without prejudice**. The clerk's office is directed to terminate Herriot from this action.

Dated at Green Bay, Wisconsin this 9th day of July, 2026.

William C. Griesbach
United States District Judge

2