**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**BRIAN JAMES IRVIN BRADLEY,**

**Plaintiff,**

**v.** **Case No. 25-C-1673**

**CELESTINE ADUKWE,**

**Defendant.**

---

## DECISION AND ORDER

---

Plaintiff Brian Bradley, who is incarcerated at Oshkosh Correctional Institution and representing himself, is proceeding on an Eighth Amendment deliberate indifference claim against Defendant Celestine Adukwe based on allegations that he responded to one of Bradley's seizures by sitting on his legs, which resulted in scrapes and cuts along the right side of his body. On September 23, 2026, Adukwe filed a motion for summary judgment. Dkt. No. 31. In a notice and order, the Court reminded Bradley that under Civil L. R. 56(b)(2) his response materials were due by October 23, 2026. Dkt. No. 36. The Court warned Bradley that, if he failed to respond to the motion by the deadline, the Court would accept all facts asserted by Adukwe as undisputed, which would likely result in summary judgment being granted in his favor and the case being dismissed. The deadline has passed, and Bradley did not respond to Adukwe's summary judgment motion.

The Court has reviewed Adukwe's motion, brief in support, supporting exhibits, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that he is entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the undisputed facts, the Court finds that no jury could reasonably conclude that Adukwe was aware of or involved in responding to any of

Bradley's seizures. Put plainly, Bradley sued the wrong officer. Because Adukwe was not personally responsible for or involved in the alleged violation of Bradley's rights, he is entitled to summary judgment. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (holding that §1983 requires that an individual be personally involved in the alleged constitutional violation).

**IT IS THEREFORE ORDERED** that the Adukwe's unopposed motion for summary judgment (Dkt. No. 31) is **GRANTED** and this case is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 29th day of October, 2026.

William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.